**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1130**

KEANNA LOMAX, on behalf of herself and others similarly situated,

                    Plaintiff - Appellant,

          v.

WEINSTOCK, FRIEDMAN & FRIEDMAN, P.A.,

                    Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Catherine C. Blake, District Judge. (1:13-cv-01442-CCB)

Submitted:  August 28, 2014        Decided:  September 4, 2014

Before SHEDD, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

E. David Hoskins, Max F. Brauer, THE LAW OFFICES OF E. DAVID HOSKINS, LLC, Baltimore, Maryland, for Appellant.   David M. Ross, WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keanna Lomax appeals the district court's order dismissing her amended complaint without prejudice to permit arbitration. Lomax's complaint alleged violations of the Fair Debt Collection Practices Act, the Maryland Consumer Debt Collection Act, and the Maryland Consumer Protection Act. For the following reasons, we affirm.

"We review de novo a district court's dismissal for lack of subject matter jurisdiction under [Fed. R. Civ. P.] 12(b)(1)." Taylor v. Kellogg Brown & Root Servs., Inc., 658 F.3d 402, 408 (4th Cir. 2011). Lomax has the burden of proving subject matter jurisdiction. Piney Run Pres. Ass'n v. Cnty. Comm'rs, 523 F.3d 453, 459 (4th Cir. 2008). We also review de novo a district court's dismissal under Fed. R. Civ. P. 12(b)(6). Kensington Volunteer Fire Dep't v. Montgomery Cnty., 684 F.3d 462, 467 (4th Cir. 2012) (discussing standard of review). To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Lomax argues that the plain language of the arbitration agreement precludes arbitration of her claims against Weinstock, Friedman & Friedman, P.A. Although the district court declined to determine whether federal law or

2

Maryland state law governed, we conclude that, under either, Lomax's argument fails. Under Maryland law, "a 'broadly worded' arbitration clause triggers the 'significant relationship test.'" Griggs v. Evans, 43 A.3d 1081, 1088 (Md. Ct. Spec. App. 2012). Likewise, "[w]e have consistently held that an arbitration clause encompassing all disputes 'arising out of or relating to' a contract embraces 'every dispute between the parties having a significant relationship to the contract regardless of the label attached to a dispute.'" Wachovia Bank, Nat'l Ass'n v. Schmidt, 445 F.3d 762, 767 (4th Cir. 2006) (quoting Am. Recovery Corp. v. Computerized Thermal Imaging, Inc., 96 F.3d 88, 93 (4th Cir. 1996)). Our review of the record leads us to conclude, as the district court found, that Lomax's claims have a "significant relationship" to the retail installment contract as they involve the parties' obligations under the contract.

We also agree with the district court that the doctrine of equitable estoppel applies. Under federal law, "a nonsignatory to an arbitration clause may, in certain situations, compel a signatory to the clause to arbitrate the signatory's claims against the nonsignatory despite the fact that the signatory and nonsignatory lack an agreement to arbitrate." Am. Bankers Ins. Group, Inc. v. Long, 453 F.3d 623, 627 (4th Cir. 2006). "One such situation exists when the

3

signatory is equitably estopped from arguing that a nonsignatory is not a party to the arbitration clause." Id. "[E]stoppel is appropriate if in substance the signatory's underlying complaint is based on the nonsignatory's alleged breach of the obligations and duties assigned to it in the agreement." Id. at 628 (internal quotation marks and brackets omitted). Likewise, under Maryland law, "[t]he doctrine of equitable estoppel permits non-signatories to enforce an arbitration provision . . . when a signatory must rely on the terms of the written agreement [containing the arbitration clause] in asserting [its] claims." Griggs, 43 A.3d at 1092 (internal quotation marks and footnote omitted). Because Lomax relies on the retail installment sales contract in an attempt to collect damages, she is equitably estopped from disclaiming the contract's arbitration provision.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4